**XIU YING PAN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES**
Respondent.

No. 04–2788–AG.

United States Court of Appeals, Second Circuit.

Jan. 30, 2006.

Lorance Hockert, New York, New York, for Petitioner.

Patricia R. Cangemi, Assistant United States Attorney, Office of the United States Attorney for the District of Minnesota, Minneapolis, Minnesota, for Respondent.

PRESENT: HON. ROGER J. MINER, HON. DENNIS JACOBS, and HON. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit,

held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 30th day of January, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED AND DE- CREED that the petition for review is DENIED.

Xiu Ying Pan petitions for review of the May 12, 2004 order of the BIA affirming an order of an immigration judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews an agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004), reversing only if " 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000)).

Substantial evidence supports the finding of the BIA and IJ that Pan had not supported her claim with sufficient corroborative evidence. Pan alleges three incidents of persecution, but in no instance was she detained or assaulted. She claims that she was threatened and put in fear on a single occasion, but the IJ found implausible (i) that, after a dozen officers arrested her parents, she would charge into the police station, demand their release, and declare religious freedom, and (ii) that she would not have been arrested if she had done so, and (iii) that having been permitted to leave unmolested she would be subject to some future arrest.

The IJ inferred that "[Pan had been] allowed to leave because the authorities had no interest in restraining her and that she had no subsequent encounters because the authorities never had any interest in her to begin with." Pan testified that, after her parents' arrest, the participants in the Catholic gathering informed Pan that the police had been patrolling, and that the police had gone to her relative's home looking for her. The IJ did not expressly evaluate these statements, but they are implicitly rejected by the finding that the police would not release her in order to pursue her. That is a supportable inference.

Since Pan failed to convince the IJ that she suffered persecution by reason of her faith, it does not matter that the Country Report and Asylum Profile indicate that there have been incidents of religious persecution.

Pan does not challenge the IJ's denial of her CAT claim in her petition for review. The claim is therefore waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005) (petitioner waived any challenges to the BIA's denial of CAT relief because the issue was not raised in the petitioner's appellate brief).

For these reasons, the petition for review is DENIED